# CASCADE TRUCK PARTS & SERVICE, INC. *v.* COMMISSION

Bernard F. Bednarz, Salem, Oregon, represented plaintiff.

Richard A. Uffelman, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision sustaining defendant's demurrer rendered April 25, 1969.

EDWARD H. HOWELL, Judge.

The plaintiff appealed from a tax commission order assessing additional corporate excise taxes for the tax year 1964.

The defendant demurred to the plaintiff's complaint and the issue presented is whether the complaint states facts sufficient to constitute a cause of suit.

Various exhibits, including a copy of plaintiff's petition in its appeal to the tax commission and a copy of the opinion and order of the tax commission, were attached to the complaint.

From the complaint and the two exhibits mentioned the following facts may be concluded.

In May, 1964, Stan Smalley acquired all the assets of a truck parts business. Apparently the consideration for the purchase was the assumption of all the company's liabilities. In June, 1964, the business was incorporated. The parties agree that the incorporation was tax free pursuant to ORS 317.231(5) and ORS 316.281(4). The amount of the closing inventory in the Smalley proprietorship was used as the amount of the opening inventory for the corporation. After a physical count was made of the inventory it was discovered that the inventory was understated by approximately $17,000. The opening inventory on the corporation's books was increased by $17,000 and a credit made to a surplus account.

In assessing the deficiency the tax commission concluded that the increase in value made to plaintiff's opening inventory required a corresponding adjustment increasing plaintiff's income by the same amount. The commission recomputed plaintiff's income for 1964 on this basis and issued a deficiency assessment.

The plaintiff and defendant both cite ORS 317.216 (8)(a), which provides that when property is acquired by a corporation in a tax-free incorporation under ORS 316.281(4) or ORS 317.231(5), the corporation is required to take as its basis in the property the same basis that the transferor had in the assets, increased by any gain recognized to the transferor. The commission found that no gain was recognized to Smalley,

the transferor, and therefore the corporation must use Smalley's basis in the inventory.

The plaintiff argues that the increase in the value of its opening inventory was proper and if the increase resulted in a taxable incidence the tax should fall on Smalley as the transferor and not on plaintiff.

■ The burden of proof is upon the plaintiff to establish that the tax commission erred in assessing the deficiency. Neither the complaint, the exhibits attached thereto nor the opinion and order of the commission show the amount of Smalley's *actual* basis in the inventory. It might be concluded from the documents mentioned that Smalley's basis was the amount of debts he assumed when he took over the truck parts business. However, the amount of the debts assumed does not appear.

■ The plaintiff was required under ORS 317.216 (8)(a) to use the transferor's basis as the basis of its opening inventory. This means Smalley's *actual* basis in the property. If the corporation increased its opening inventory over Smalley's actual basis, such action was improper.

■ As the plaintiff's complaint does not show the amount of the transferor's actual basis in the property transferred to the corporation, the complaint does not state a cause of suit. The defendant's demurrer is sustained.